{¶ 72} I respectfully dissent.
 {¶ 73} With respect to Klaue's second assignment of error, the majority contends that the trial court did not err by permitting the state to introduce other acts evidence. I disagree.
 {¶ 74} Evid.R. 401 provides: "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 {¶ 75} Evid.R. 403(A) states: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
 {¶ 76} Evid.R. 404(B) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 77} In State v. Iacofano (Sept. 23, 1994), 11th Dist. No. 93-L-139, 1994 Ohio App. LEXIS 4258, at 4-5, this court stated:
 {¶ 78} "It has long been recognized that:
 {¶ 79} "`In a criminal trial evidence of previous or subsequent criminal acts, wholly independent of the offense for which a defendant is on trial, is inadmissible. Whiteman v. State (1928), 119 Ohio St. 285
* * *; State v. Hector (1969), 19 Ohio St.2d 167 * * *. Evidence of other acts is not admissible simply because such proof *Page 18 
demonstrates a trait, disposition, or propensity toward the commission of a certain type of crime. State v. Lytle (1976), 48 Ohio St.2d 391,401-02 * * *. See, also, McCormick on Evidence (2 Ed.) 447, Section 190.'State v. Wilkinson (1980), 64 Ohio St.2d 308, 314 * * *." (Parallel citations omitted.)
 {¶ 80} In the instant matter, the state was permitted, over objection, to present the testimony of two witnesses who provided improper other acts evidence. The evidence established that Klaue had a prior arrest for possession of methamphetamine chemicals; he had admitted to a CSB worker that he and his wife had previously used methamphetamine; and that they sold the drugs for financial reasons. This writer believes the foregoing was improper proof of propensity and the admission denied Klaue a fair and impartial trial.
 {¶ 81} Any reference to the alleged other acts was irrelevant under Evid.R. 401. The evidence was inadmissible, because it is not the type of evidence which would assist the jury in determining guilt or innocence regarding Klaue's conduct on the date of the offense at issue. Even assuming arguendo that the evidence was relevant, any probative value was outweighed by the prejudicial impact of the evidence. Evid.R. 403(A). Also, the evidence presented was inadmissible because it was used solely to prove Klaue acted in conformity therewith. Evid.R. 404(B); see, generally, State v. Mann (1985), 19 Ohio St.3d 34. Thus, other acts evidence may be used only to help establish an element of the crime charged, not to show that the person acted in conformity with other behavior, and/or that he or she has a propensity to commit criminal acts. *Page 19 
 {¶ 82} I believe the testimony of the two witnesses was not helpful to the jury's understanding of the issues. Rather, it served as a veiled attempt to show that Klaue has the character of someone who possesses chemicals to manufacture methamphetamine; that he in fact does manufacture methamphetamine; and that on the day at issue, he acted in conformity with his prior conduct. Clearly, the admission of the other acts evidence was highly inflammatory and prejudicial to Klaue, resulting in the denial of his right to a fair and impartial trial.
 {¶ 83} For the foregoing reasons, I respectfully dissent. *Page 1